IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERRY BUSH**                                                                                       **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.4:23-cv-147-DMB-JMV**

**BORIS BRANDON et al.**                                                           **DEFENDANTS**

## ORDER GRANTING MOTION TO STAY

This matter is before the court on Defendants'[1] Motion [Doc. No. 33] filed March 12, 2024, to stay the case management conference, initial disclosures, and discovery pending the court's ruling on Defendants' 12(b) motions to dismiss [Doc. Nos. 20, 23] filed February 21 and February 22, 2024, respectively. For the reasons that follow, the motion [Doc. No. 25] to stay discovery is GRANTED as follows.

### Background

Plaintiff filed this *pro se* employment discrimination action on August 2, 2023. On February 21, 2024, Defendants, other than Roscoe Greene, filed their motion to dismiss under FRCP 12(b)(6). That next day, Defendant Greene filed his own separate motion to dismiss, for insufficient service of process under FRCP 12(b)(5) as well as failure to state a claim under FRCP 12(b)(6). Plaintiff has submitted no response to either motion to dismiss as of the date of this Order.

On February 28, 2024, the court entered its Rule 16 Initial Order [Doc. No. 28], which set a telephonic case management conference for April 4, 2024. On March 29, 2024,

---

[1] Defendant Roscoe Greene does not join the other defendants in the instant motion because he has not been served with process. Defendant Greene did file a motion to dismiss under FRCP 12(b)(5) and 12(b)(6) on February 22, 2024.

Defendants served their initial disclosures. [Doc. No. 35]. The parties and the court convened for the case management conference on April 4, 2024, whereat the instant motion to stay was discussed and all parties confirmed no opposition thereto.

## Law and Analysis

The decision whether to stay discovery until the resolution of preliminary questions that may dispose of the case falls within the broad discretion and inherent power of the trial court. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Vanderlan v. Jackson HMA, LLC*, No. 3:15-cv-767-DPJ-FKB, 2017 WL 9360854, at *1-2 (S.D. Miss. Dec. 22, 2017) (granting stay of discovery and disclosure requirements pending ruling on motion to dismiss).

Further, Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To establish "good cause" under Rule 26(c), "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 n.16 (1981) (quoting 8 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2035, at 265).

Here, the court finds that good cause exists to grant the unopposed motion to stay. Defendants' motions to dismiss, should they be granted by the District Judge,[2] may dispose of the case in its entirety, thereby making any time and expense devoted to discovery in the case wasted. Accordingly, for these reasons, a stay is appropriate.

---

[2] The undersigned makes no comment as to the merits of the pending motions to dismiss.

THEREFORE, IT IS ORDERED that Defendants' motion to stay is granted. All discovery in this matter is hereby STAYED, pending the earlier of a *sua sponte* order lifting the discovery stay, or resolution of Defendants' motion to dismiss.

**SO ORDERED AND ADJUDGED**, this the 4th day of April, 2024.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**