IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRY BUSH                                                                                 PLAINTIFF

v.                                                       CAUSE NO. 4:23-CV-147-SA-JMV

BORIS BRANDON, et al.                                                  DEFENDANT

ORDER AND MEMORANDUM OPINION

On August 2, 2023, Terry Bush, who is proceeding *pro se*, initiated this civil action by filing his Complaint [1] against Boris Brandon, Roscoe Greene, Harlow's Casino Hotel & Spa, SW Gaming LLC, and Churchill Downs Inc. Greene filed an individual Motion to Dismiss [23], and all other Defendants jointly filed a Motion to Dismiss [20]. Bush has not responded to either Motion [20, 23], and his time to do so has long passed. The Court is prepared to rule.

*Relevant Background*

At the outset, the Court notes that Bush's Complaint [1] is far from a model of clarity. The Court has attempted to discern Bush's factual contentions, and the factual recitation set forth herein is, to the greatest extent possible, taken from his Complaint [1].

Bush began his employment with Harlow's Casino on December 16, 2007. He remains employed there—or at least was employed there at the time this lawsuit was initiated. In November 2020, Bush was a general maintenance employee. On November 19, 2020, he applied for a facility supervisor position but was not selected for the position. Thereafter, on February 5, 2021, he filed a Charge of Discrimination with the EEOC ("the 2021 Charge"), alleging that he did not receive the position because of his age. In particular, Bush asserted in the 2021 Charge that "[a] younger coworker was selected to fill the position I applied for. Prior to his selection, another coworker, who is younger, was offered the position without applying for it." [20], Ex. 2 at p. 1. According to

Bush, "[t]hrough an agreement settlement with EEOC, [he] was promoted to HVAC Technician in December 2021." [1], Ex. 1 at p. 5.

After being promoted to the HVAC Technician position in December 2021, Bush filed another EEOC Charge on February 20, 2022 ("the 2022 Charge"). In the 2022 Charge, Bush included the following factual allegations:

> On or about December 16, 2017, I began my employment with Harlow's Casino Resort and Spa as a Maintenance Technician. Through an agreement settlement with EEOC, I was promoted to HVAC Technician in December 2021. I am still currently employed with Harlow's Casino. On or about February 3, 2022, I have been subjected to retaliation I believe due to me filing a previous charge against my employer. My terms and conditions have changed after I receieved [sic] a letter from the Secretary stating that I will be required to work some weekends due to staff shortage. I feel this is a breach of contract. Per my agreement settlement I am required to work one Monday out of the month from 4 pm until 12 am. I have agreed to volunteer to work weekends due to the staff shortage prior to receiving the letter from the Secretary. I was not asked if I could work weekends, but instead was told I would have to work some weekends. On February 3, 2022, I was written up for fourteen different reasons. I have never been written up or placed on any disciplinary action during my employment. I feel that I have been placed in compromising situations to lose my HVAC license. I feel that I have been retaliated against due to filing a previous complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[1], Ex. 1 at p. 5.

The EEOC issued Bush a Notice of Right to Sue on May 9, 2023. This lawsuit followed. Bush completed and filed a form "Complaint for Employment Discrimination." In the "Basis for Jurisdiction" section, he selected the ADEA, and he selected "retaliation" in the "Statement of Claim" section. [1] at p. 4-5. Attached to the Complaint [1] is a handwritten page wherein Bush includes the following claims and explanations:

   1. Retaliation - Fraudulent write-up Feb. 3, 2022 because of a discrimination settlement agreement

2

>   2. Defamation of character - Performance deficiencies 2-3-2022
>
>   3. Slander - Being accuse[d] of falsifying work completions performance deficiencies Feb. 3, 2022
>
>   4. Discrimination of promotions - was not given an interview for Director of Compliance position in the year of 2020 if not mistaken.

[1] at p. 7.

Bush then further provides separate allegations as to the Defendants:

> Boris Brandon: conspiring with others [sic] conspirators to write me up in retaliation because of the discrimination settlement agreement on Feb. 3, 2022 at Harlow's Casino.
>
> Roscoe Greene: orchestrated the conspiracy with others [sic] conspirators at Harlow's Casino in the retaliation act because of the discrimination settlement agreement leading up to the Feb. 3, 2022 write-up.
>
> Churchill Downs Inc.: Willfully and knowingly of the discrimination settlement agreement and of this retaliation claim; did not intervene to put a STOP to such unlawful acts.
>
> SW Gaming LLC: Willfully and knowingly of the discrimination settlement agreement and of this retaliation claim; did not intervene to put a stop to such unlawful acts.

*Id*.

The Defendants seek dismissal of all claims. In their joint Motion to Dismiss [20], Churchill Downs, SW Gaming, and Brandon raise multiple arguments as to why the Complaint [1] should be dismissed in its entirety. In his separate Motion [23], Greene adopts all arguments of the other Defendants and raises an additional request for dismissal based upon lack of service of process. These Motions [20, 23] were filed on February 21, 2024 and February 22, 2024, respectively; however, Bush has not responded nor sought an extension of time to respond.

*Analysis and Discussion*

Before turning to the merits of the Defendants' arguments, the Court must address some preliminary matters.

I.     *Preliminary Matters*

The Court notes Bush's failure to respond to the pending Motions [20, 23]. His deadline to do so was fourteen days after the filing of the Motions [20, 23] or, in this instance, March 6, 2024 and March 7, 2024. *See* L. U. Civ. R. 7(b)(4). Although Bush is proceeding *pro se* and therefore entitled to *some* leniency, he still must comply with the applicable Rules. *See*, *e.g.*, *Miller v. Tower Loan of Miss., LLC*, 2022 WL 3093292, at *2 (N.D. Miss. Aug. 3, 2022) ("[A] litigant's *pro se* status does not negate the duty to comply with general rules of litigation."); *see also Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002).

Nonetheless, because the present Motions [20, 23] are dispositive in nature, the Court will not grant them as unopposed but will instead consider them on the merits—without the benefit of a response. *See* L. U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, *other than a dispositive motion*, within the time allotted, the court may grant the motion as unopposed.") (emphasis added).

As an additional preliminary matter, the Court notes that the Complaint [1] in one place lists Harlow's Casino Hotel & Spa as a Defendant. *See* [1] at p. 2. However, in two other places where Bush lists the Defendants, he does not include Harlow's Casino. *See id*. at p. 3, 7. In their joint Memorandum [21], the Defendants explain that there is no such legal entity as Harlow's Casino Hotel & Spa but, rather, it is simply a business name for SW Gaming LLC. The Defendants attached to their Motion [20] a print-out from the Mississippi Secretary of State's website to

4

corroborate this explanation of the business structure. In light of Bush's failure to respond on that point and, candidly, it not being clear if he even intended to assert any claims against Harlow's Casino, the Court finds it appropriate to dismiss Harlow's Casino as a Defendant, to the extent that any claims are asserted against it. Any claims asserted against Harlow's Casino are therefore DISMISSED *with prejudice*.

Having resolved those preliminary issues, the Court turns to the merits of Bush's claims.

I. *Defamation and Slander*

The Court first looks to Bush's defamation and slander claims. As explained above, Bush alleges "Defamation of character - Performance deficiencies 2-3-2022" and "Slander - Being accuse[d] of falsifying work completions performance deficiencies Feb. 3, 2022." [1] at p. 7. Although not explicitly stated, Bush apparently contends that the write-up he received on February 3, 2022 was defamatory and slanderous.

These claims are time barred. Mississippi Code Section 15-1-35 provides as follows: "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and *all actions for slanderous words concerning the person* or title, for failure to employ, *and for libels, shall be commenced within one (1) year next after the cause of such action accrued*, and not after." MISS. CODE ANN. § 15-1-35 (emphasis added). Relying on this plain language, the Mississippi Supreme Court has explained that "a lawsuit claiming libel or slander must be brought within one year after the cause of action accrued." *Nygaard v. Getty Oil Co.*, 918 So.2d 1237, 1240 (Miss. 2005) (citing MISS. CODE ANN. § 15-1-35).

Here, Bush did not file his Complaint [1] until August 2, 2023—more than one year after February 3, 2022. He cannot proceed on those claims.

5

Even if not time barred, the claims would fail on the merits. Under Mississippi law, to establish a defamation claim, a plaintiff must show:

> (1)  a false and defamatory statement concerning the plaintiff;
>
> (2)  an *unprivileged* publication to a third party;
>
> (3)  fault amounting at least to negligence on the part of the publisher; and
>
> (4)  either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Hays v. LaForge*, 333 So. 3d 595, 602 (Miss. Ct. App. 2022) (quoting *Simmons Law Group P.A. v. Corp. Mgmt. Inc.*, 42 So. 3d 511, 517 (Miss. 2010)) (emphasis previously added). Mississippi recognizes a "qualified privilege for communications between persons with a common interest in a subject matter[.]" *Id*. And the qualified privilege has previously been extended to communications in the workplace between employers and employees. *See*, *e.g.*, *Young v. Jackson*, 572 So. 2d 378, 383 (Miss. 1990).

The communication upon which Bush's claims rely falls within the qualified privilege, as it is clearly a communication made as part of the employment relationship. The privilege can only be "overcome by malice, bad faith, or abuse." *Barmada v. Pridjian*, 989 So. 2d 359, 362 (Miss. 2008) (citing *Eckman v. Cooper Tire & Rubber Co.*, 893 So. 2d 1049, 1052 (Miss. 2005)). There is no such allegation here.

Bush's defamation and slander claims are DISMISSED *with prejudice*.

II.  ADEA Claims

Prior to addressing the merits of the specific ADEA claims, the Court notes that the Complaint [1] does not clearly indicate which Defendants that Bush asserts the claims against. However, to the extent that they are asserted against Brandon and/or Greene, they fail as a matter

6

of law since there can be no individual liability under the ADEA. *See*, *e.g.*, *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) ("[T]he ADEA authorizes suits against employers for age discrimination. Likewise, the ADEA provides no basis for individual liability for supervisory employees.") (citations omitted). To the extent that Bush asserts any ADEA claims against Brandon or Greene, the claims are DISMISSED *with prejudice*.

Having resolved that issue, the Court turns to the merits. Although not artfully pled, Bush appears to assert a general discrimination claim and a retaliation claim. The Court will address them in turn.

    A.    *ADEA Discrimination*

As noted above, Bush alleges as follows: "Discrimination of promotions - was not given an interview for Director of Compliance position in the year of 2020 if not mistaken." [1] at p. 7.

Prior to filing suit, an ADEA plaintiff "is required to file a charge with the EEOC 'within 180 days after the alleged unlawful practice occurred.'" *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (quoting 29 U.S.C. § 623(a)(1)).

Here, there is nothing in the record to indicate that Bush filed an EEOC Charge pertaining to the failure to promote him to the Director of Compliance position. Although he has now filed two EEOC Charges, neither reference the Director of Compliance position. The 2021 Charge refers to a Facility Supervisor position. The 2022 Charge refers only to alleged retaliation in connection with a February 3, 2022 write-up. Bush has provided the Court nothing to illustrate that he filed an EEOC Charge in connection with the Director of Compliance position. The claim is therefore administratively barred.[1]

---

[1] Because Bush avers that the failure to promote occurred in 2020, any such claim is now barred by the 180-day limitation period within which an EEOC Charge must be filed. *See*, *e.g.*, *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991).

Even if it were not barred, Bush has not stated a plausible claim. "To prove a prima facie case of age discrimination under the ADEA, a plaintiff must show [he] was discharged; qualified for the position; within the protected age group at the time of the discharge; and either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of [his] age." *Id.* (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)).

The Defendants contend that Bush has not alleged sufficient facts to support a prima facie case, arguing as follows:

> Here, the Complaint contains no factual allegations plausibly establishing when or under what circumstances a position of "Director of Compliance" was ever filled at Harlow's Casino, what the minimum qualifications for such position were and whether Plaintiff met them, what allegedly younger individual was selected for the position and how that individual's qualifications compared to Plaintiff's, the alleged reason for selection of the individual who supposedly received the position, what other individuals were interviewed for the position and what their qualifications (relative to Plaintiff's qualifications) were, or any other factual allegations necessary for the Court to plausibly infer that Plaintiff did not receive the position due to his age.

[21] at p. 7.

The Court agrees with the Defendants. The Complaint [1] is devoid of any factual allegations to support the claim and is due for dismissal. *See, e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (noting that a complaint falls below the Rule 12(b)(6) threshold when it does not contain "enough facts to state a claim to relief that is plausible on its face.").

Bush's ADEA discrimination claim is DISMISSED *with prejudice*.

8

B.   *ADEA Retaliation*

Bush alleges "retaliation - Fraudulent write-up Feb. 3, 2022 because of a discrimination settlement agreement." [1] at p. 7. In his 2022 Charge, Bush alleged: "I feel that I have been retaliated against due to filing a previous complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended." [1], Ex. 1 at p. 5. Presumably, he erroneously listed Title VII—as opposed to the ADEA—because there is no evidence that Bush has engaged in any protected activities whatsoever involving Title VII.

To establish a prima facie ADEA retaliation claim, a plaintiff must show: (1) that he engaged in an activity protected by the ADEA; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Harville v. City of Houston, Miss.*, 2018 WL 632026, at *6 (N.D. Miss. Jan. 30, 2018) (citations omitted); *see also Norsworthy v. Houston Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

Assuming without deciding that Bush has made sufficient allegations as to the first two elements, he has made no allegation from which there could be a plausible inference of causation, as he has done nothing to in any way tie together his protected activity and the write-up. Recently, the Fifth Circuit affirmed a district court's dismissal of an ADEA retaliation claim on that basis, explaining as follows:

> As to the remainder of the retaliation claim, even assuming [the plaintiff] adequately pled elements (1) and (2), we would still sustain the district court's dismissal. As that court explained, the complaint fails to allege facts that could show a causal link between any alleged protected activities (such as filing grievances) and the alleged adverse actions (such as failure to promote). Specifically, there were no facts alleged to suggest that those responsible for hiring decisions knew about any of the grievances [the plaintiff] filed. And the failures to promote were temporally remote from the

9

>           alleged protected activity, underscoring the thinness of the causal
>           link.

*Norsworthy*, 70 F.4th at p. 337 (citations omitted).

The same analysis applies here. Bush has not provided any allegations that would link the filing of his 2021 Charge, which occurred in February 2021, and the subsequent settlement thereof, to his write-up, which occurred in February 2022. He has provided only one sentence containing conclusory contentions. That is simply insufficient.

Although the Court is not granting the Defendants' request as unopposed, Bush's failure to respond is critical here. The Court has no explanation before it as to Bush's purported theory of the case. Rather, it only has a Complaint [1] which contains mere threadbare, conclusory allegations. The ADEA retaliation claim is DISMISSED *with prejudice*.

    III.    *Civil Conspiracy*

In his Complaint [1], Bush does not specifically list civil conspiracy as a claim. However, he does, in conclusory fashion, accuse Brandon and Greene of engaging in a conspiracy to retaliate against him.

"To establish a civil conspiracy, the plaintiff must prove (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, and (4) damages to the plaintiff as a proximate result." *Orr v. Morgan*, 230 So. 3d 368, 375 (Miss. Ct. App. 2017) (citation omitted). Bush's Complaint [1] does not satisfactorily allege these elements but only states in conclusory fashion that Greene "orchestrated the conspiracy with others [sic] conspirators at Harlow's Casino in the retaliation act because of the discrimination settlement agreement leading up to the Feb. 3, 2022 write-up." [1] at p. 7. He does not provide any further explanation. This is insufficient to satisfy the applicable pleading standard.

10

To the extent that Bush attempts to assert a civil conspiracy claim, it is DISMISSED *with prejudice*.

*Conclusion*

For the reasons set forth above, the Motions to Dismiss [20, 23] are GRANTED. All claims are DISMISSED *with prejudice*. A Final Judgment will issue this day. This CASE is CLOSED.

SO ORDERED, this the 29th day of May, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE